FreemaN, J.,
delivered tbe opinion of tbe eorart:
Complainant obtained two judgments on tbe 6tb of April, 1874, against George Warren, on notes given 6tb of February, 1874; said judgments were before a justice of tbe peace. Tbe notes were given for tbe amount of an account previously made by said Warren, for groceries sold and furuisbed to bixn. Executions were issued and returned nulla bona on both judgments. George Warren had been tbe husband of Mrs. Mary Warren, tbe defendant. On tbe 10th of February, 1874, Mrs. Warren filed her petition in tbe circuit court of Hardeman county, for a divorce, and on tbe 23d of March, after, obtained a decree of separation from her said husband, dissolving tbe bonds of matrimony. In that decree, alimony was assigned, and among other things, tbe bouse and lot on which she resided, and now in controversy. Said decree recites that Warren bad purchased tbe bouse and lot with means derived from bis wife; we may fairly assume with money so derived, as it is recited she bad money, negroes, and land, amounting, in all, to some $15,000, at tbe time of marriage. This, *145 however, is not very important. It is further recited that Warren liad no other property and assets than those attached in that case.
Complainant, after the return of the executions nulla bona, filed this hill, alleging' the above facts substantially, and that while Warren might have some money and notes, complainant could not find it out if -he had; therefore, he alleged he liad no other property out of which he can have his debts paid, except the property decreed defendant for her alimony, and, further, that it is believed the land can be laid off into lots and enough sold to satisfy this debt without selling, the improvements. The prayer of the bill is to sell said property to pay the debt, and for general relief.
A demurrer was filed by defendant, which was overruled by the chancellor, and appeal to this court.
We have carefully examined the able and ingenious argument filed by counsel in support of the demurrer, but fail to find anything in it on which we can reverse the decree of the chancellor.
It has long been settled in this state that alimony could not be assigned to the wife in such cases, so- as to defeat the claims of the existing creditors of the husband at the time of the commencement of the suit of the wife. See Allen et al. v. McCullough et al., 2 Heis., 116; McGhee et al. v. McGhee, 2 Sneed, 223, and other cases that might he cited. We deem this too well settled to require additional discussion. It is based on sound principle as well as authority.
The creditors could not he affected in any way by the decree in the divorce suit, not being parties thereto. The wife must, necessarily, take what she procures by that suit subject to their prior claims.
We think a, hill might well be filed in a case like this to reach the property, incumbered as it was, in the possession of the divorced wife, and decree vesting it in her as ali- *146 many. It is eminently proper that this incumbrance be out of the way before a sale of the property, and probably for the interest of all parties, to prevent its. being sacrificed, by being sold thus incumbered; as a matter of course, the creditor cannot reach the homestead or other property exempt from execution; his rights are only those he might have had against the property in the hands of the husband before the decree for divorce.
There is no other question necessary to be noticed in this case. We therefore affirm the decree of the chancellor, with costs, and remand the case for further proceedings.